'In an action by a stockholder against a corporation, its officers, directors and others, plaintiff appeals from an order dated July 25, 1949, granting a motion by respondent corporation to require appellant to give security for the reasonable expenses, including attorneys’ fees, which may be incurred by respondent in the action, and requiring appellant to furnish such security, in the sum of $10,000, pursuant to section 61-b of the General Corporation Law. Order modified on the law and the facts by amending the fourth ordering paragraph so as to provide that all proceedings on the part of the plaintiff in this action, insofar as relief is sought in the right of, or on behalf of the defendant P & Q Shops, Inc., and particularly with respect to the matters pleaded in behalf of such defendant in the first, fourth, fifth and eighth causes of action in plaintiff’s complaint, be, and they hereby are stayed, until the due payment of the money or the filing of the undertaking provided for by said order, and due notice thereof, and also if an undertaking is given, until the allowance of the same, and further modified by deleting the last ordering paragraph. As so modified, the order is affirmed, with $10 costs and disbursements to respondent. In our opinion, on the record presented it was not necessary to take testimony to determine the extent or value of appellant’s stock. While it may be that such stock had, at the time of the commencement of this action, a market value in excess of that found at Special Term, it was, nevertheless properly decided at Special Term on the record presented that appellant was not the holder of 5%- or more of the outstanding shares of any class of the corporate defendant, and that her shares do not have a market value in excess of $50,000. The order appealed from, however, is unduly restrictive in that it stays the prosecution of the action insofar as it is brought in appellant’s individual right, and not in the right of or on behalf of respondent. The last ordering paragraph of the order appealed from is deleted because the causes of action pleaded in the complaint on behalf of respondent have been dismissed, with leave to plead over, by orders dated May 26, 1949, and affirmed by this court. (See Sherman V. P é Q Shops, Inc., post, p. 781, decided herewith.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.